**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ANDRES GOMEZ,**<br>　　　　Plaintiff,<br><br>　　v.<br><br>**ZACKERY SPEROW,**<br>　　　　Defendant. | Case No. 4:21-cv-07852-YGR<br><br>**ORDER GRANTING MOTION FOR RECONSIDERATION; DISMISSING ADA CLAIM WITH LEAVE TO AMEND AND UNRUH ACT CLAIM WITHOUT PREJUDICE**<br><br>Dkt. No. 20 |

Plaintiff Andres Gomez has sued for alleged violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* (the "ADA") and California's Unruh Civil Rights Act, Cal. Civ. Code § 51, *et seq.* (the "Unruh Act"). In short, he alleges that he was a "prospective customer who wished to access [d]efendant's goods and services" and that he visited the defendant's website twice in March and July 2021 with the intention of getting information about houses on sale. However, due to various accessibility design defaults that he encountered on the website, he was unable to do so. (Compl. ¶¶ 16-22.)

On December 13, 2021, defendant moved to dismiss this action for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). (Dkt. No. 13.) Specifically, defendant contended that plaintiff failed to sufficiently plead a nexus between the website and the goods and services of a physical location. On January 13, 2022, the Court denied the motion on the grounds that the standing inquiry was intertwined with the merits, and that as a matter of pleading, plaintiff had sufficiently alleged standing consistent with binding Ninth Circuit law. (Dkt. No. 18.) Defendant now moves for reconsideration of the Court's order based upon plaintiff's admission in strikingly similar litigation that he is merely a window shopper and that dreaming about real estate is a hobby of his. Having reconsidered the motion to dismiss, including the papers submitted in connection with the motion for reconsideration, the Court **HEREBY ORDERS** that: (1) the motion for reconsideration is **GRANTED**; (2) plaintiff's ADA claim is **DISMISSED WITH LEAVE TO**

**AMEND**; and (3) plaintiff's Unruh Act claim is **DISMISSED WITHOUT PREJUDICE**.

## DISCUSSION

There is no dispute that binding Ninth Circuit authority instructs that only "actual, physical places where goods or services are open to the public" qualify as "public accommodations" under Title III of the Americans with Disabilities Act. *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1114 (9th Cir. 2000). Thus, there must be, "some connection between the good or service complained of and an actual physical place" to state a claim. *Id*. Relevant here where the claim is premised on a website, whether some "nexus" exists between the website and a physical location proves "critical." *Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 905 (9th Cir. 2019). Ultimately, "a plaintiff who fails to allege any connection between the website barriers and a physical location does not have an ADA claim." *Langer v. Pep Boys Manny Moe & Jack of California*, No. 20-CV-06015-DMR, 2021 WL 148237, at *5 (N.D. Cal. Jan. 15, 2021).

*Robles* is instructive as to what is required to establish a viable "nexus" between a website and the physical place of accommodation. *Robles*, 913 F.3d at 905. There, for example, "Domino's website and app facilitate access to the goods and services of a place of public accommodation—Domino's physical restaurants." *Id*. Thus, as in *Robles*, a website violates the ADA where it does not provide auxiliary aids to facilitate the ordering of products for delivery or in-store pick-up.

Notably, defendant's motion conflates the standing inquiry with the ability to state a claim. However, "[t]he absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998). Where a plaintiff fails to allege "a cognizable legal theory," dismissal is appropriate for failure to state a claim and not because a federal court lacks the power to adjudicate the dispute. *See Hinds Invs., L.P. v. Angioli*, 654 F.3d 846, 850 (9th Cir. 2011). Thus, the question presented by the motion to dismiss is: (1) whether there is a sufficient nexus between the website and real estate office to support a cognizable claim under the ADA; and (2) if there is a sufficient nexus, has plaintiff alleged standing to redress the barriers encountered.

Here, the complaint fails to allege a sufficient nexus between the defendant's website and

the physical location. It alleges in a conclusory fashion that the defendant's real estate business "operates privileges, goods or services out of a physical location in California," and that the website "is a nexus" between the real estate customers and "the terrestrial based privileges, goods or services offered by" the real estate business. (Compl. ¶¶ 12-14.) There is no description of what the services are of the physical location and how the website is connected to those services. Plaintiff's bare allegations are insufficient to support a nexus between the website and the goods and services of the physical location to support an ADA claim. On this basis, the motion to dismiss should have been granted and is granted now. The mislabeling of the motion, after substantial briefing on the relevant issues, does not compel a different result.[1] Since it is unclear whether plaintiff can amend to cure the complaint's deficiency, the motion is granted with leave to amend.[2]

Finally, since the Court dismisses the ADA claim, the Court declines to exercise supplemental jurisdiction over the Unruh Act claim and dismisses it without prejudice. *See* 28 U.S.C. § 1367(c)(3); *Oliver v. Ralph's Grocery Co.*, 654 F.3d 903, 911 (9th Cir. 2011) (finding no abuse of discretion where the district court declined supplemental jurisdiction over state law claims pursuant to § 1367(c)(3) when ADA claims had been dismissed); *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) (explaining state law claims should generally be dismissed "if federal claims are dismissed before trial").[3]

---

[1] Indeed, plaintiff has sued myriad real estate agents and companies in this District. The nexus that plaintiff attempts to establish has been rejected. *See, e.g.*, *Gomez v. Smith*, No. 21-cv-07154-RS, 2022 WL 117763 (N.D. Cal. Jan. 12, 2022); *Gomez v. Gates Estates, Inc.*, No. C 21-7147 WHA, 2022 WL 458465 (N.D. Cal. Feb. 15, 2022); *Gomez v. Como*, No. 21-cv-09574-EMC, 2022 WL 1082016 (N.D. Cal. Apr. 11, 2022); *Gomez v. Magliocco Grp. Inc.*, No. 21-cv-07148-VC, 2022 WL 1537938 (N.D. Cal. Apr. 22, 2022); *Gomez v. Corro*, No. 21-cv-07085-SI, 2022 WL 1225258 (N.D. Cal. Apr. 26, 2022); *Gomez v. Skip Keyser Realty, Inc.*, No. 21-cv-07409-SI, 2022WL 1225017 (N.D. Cal. Apr. 26, 2022); *Gomez v. Lesti Real Estate Inc.*, No. 21-cv-09554-SI, 2022 U.S. Dist. LEXIS 87757 (N.D. Cal. May 16, 2022).

[2] Since plaintiff has not stated a claim, the Court does not need to resolve whether he also has standing. However, based upon his admissions in other litigation that he was merely window shopping and dreaming of purchasing a house when he accessed the website, the Court has serious doubts that he could overcome those representations to reach a different result here.

[3] There is also no dispute that plaintiff is a Florida resident. The Unruh Act applies too: "[a]ll persons *within the jurisdiction of this state* . . . no matter what their . . . disability[.]" Cal. Civ. Code § 51(b) (emphasis supplied). Plaintiff's complaint does not indicate that he experienced

3

**CONCLUSION**

For the foregoing reasons, the motion for reconsideration is **GRANTED**. Plaintiff's ADA claim is **DISMISSED WITH LEAVE TO AMEND** and his Unruh Act claim is **DISMISSED WITHOUT PREJUDICE** for it to be filed in state court. Plaintiff's amended complaint must be filed with fourteen (14) days from the date of this order. Failure to timely file an amended complaint will result in a dismissal with prejudice. Plaintiff's counsel is reminded of their Rule 11 obligations.

This Order terminates Docket Number 20.[4]

**IT IS SO ORDERED.**

Dated: June 9, 2022

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**

---

any discrimination while he was in California.

[4] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that the motion is appropriate for decision without oral argument. The hearing set for June 16, 2022 is **VACATED**.